Joseph P. Zammit
Edward P. Dolido
**FULBRIGHT & JAWORSKI L.L.P.**
666 Fifth Avenue
New York, New York  10103
Tel:    (212) 318-3000
Fax:    (212) 318-3400
Attorneys for Defendants

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
AEROTEL, LTD., AEROTEL U.S.A., INC. and    :
AEROTEL U.S.A., LLC,
                                            :    ELECTRONICALLY FILED
        Plaintiffs,
                                            :    Civil Action No. 07-CV-3217 (RJH)
        -v-
                                            :    **DECLARATION OF
AT&T INC., AT&T CORP., AT&T MOBILITY            TERRENCE BRITT**
CORPORATION, AT&T MOBILITY LLC, NEW         :
CINGULAR WIRELESS SERVICES, INC.
(formerly AT&T Wireless Services, Inc.),    :
CINGULAR WIRELESS II, LLC (formerly Cingular
Wireless II, Inc.), NEW CINGULAR WIRELESS   :
PCS, LLC, BELLSOUTH MOBILITY DCS, INC.,
BELLSOUTH CORPORATION, BELLSOUTH            :
TELECOMMUNICATIONS, INC., and JOHN
DOES 1-10,                                  :

        Defendants.                         :
-------------------------------------------------------------X

TERRENCE BRITT declares and states as follows:

1.      I am over the age of 18, have never been convicted of a felony or a crime involving moral turpitude, and am otherwise legally competent to submit this Declaration. I am the Director of Income Tax of AT&T Services, Inc. and have served in that position for approximately the last six years. In that position, I am responsible for assisting in the preparation of federal and state tax returns for AT&T Inc. and its subsidiaries and am personally familiar

31357599.1

with the corporate structure of AT&T Inc. (Because, as noted below, AT&T Inc. has no employees of its own, administrative services are provided by AT&T Services, Inc. which then charges back the cost of the services it provides.) All of the statements in this Declaration are, unless otherwise indicated, based upon my personal knowledge, review of corporate and business records, and interviews with appropriately knowledgeable persons.

2. AT&T Inc. is a Delaware corporation, with its principal and only place of business located in San Antonio, Texas. AT&T Inc. has no employees. Its business is currently overseen by a board of 16 directors and 18 officers. AT&T Inc.'s stock is listed on the New York Stock Exchange.

3. AT&T Inc. was incorporated in Delaware in October 1983 under the name Southwestern Bell Corporation. AT&T Inc. is and always has been a holding company. It was created as one of seven regional holding companies that were divested on January 1, 1984, by the American Telephone and Telegraph Company as part of the settlement of *United States v. Western Electric Company, Inc.*, Civil Action No. 82-0192 (D.D.C.). As part of that divestiture, it received equity interests in the Southwestern Bell Telephone Company and certain other companies.

4. In 1995, Southwestern Bell Corporation changed its name to SBC Communications Inc. On November 18, 2005, SBC Communications Inc. acquired AT&T Corp., an unrelated company. The acquisition was accomplished by merging a wholly-owned subsidiary of SBC Communications Inc. with AT&T Corp.; AT&T Corp. thereby became a wholly-owned subsidiary of SBC Communications Inc. Shortly thereafter, SBC Communications Inc. changed its name to AT&T Inc. On December 29, 2006, AT&T Inc. acquired BellSouth Corporation by merging one of its subsidiaries into BellSouth Corporation.

5. As a holding company, AT&T Inc. conducts no business with the public. AT&T Inc. is a legally and factually separate corporate entity, distinct from each of its hundreds of direct and indirect subsidiaries. Each of AT&T Inc.'s subsidiaries, including AT&T Corp. and BellSouth Corporation, maintains its own independent corporate, partnership, or limited liability company status, identity and structure.

6. AT&T Inc. does not own or maintain a telecommunications network and it does not provide telecommunications services to the public. AT&T Inc. does not make or sell products or services of any kind in any state or jurisdiction. Therefore, it does not need, and does not have, "sales representatives" or "distributors" in New York or in any other jurisdiction.

7. AT&T Corp. did not transfer any of its operating assets to AT&T Inc., either as part of AT&T Inc.'s acquisition of AT&T Corp. or thereafter. Nor did BellSouth. AT&T Inc. is not a successor to AT&T Corp. or to BellSouth or to their respective businesses or operating assets.

8. AT&T Inc. does not have any presence in New York State. AT&T Inc. does not have an office or mailing address in New York, does not have a telephone number in New York, does not own, lease, manage, or maintain any real property in New York, does not have any employees in New York, does not maintain books or records in New York, and it does not provide telecommunications, Internet, or other services to consumers in New York.

9. AT&T Inc. has never been registered, licensed or otherwise qualified to do business in the State of New York and, therefore, AT&T Inc. has not appointed a registered agent for service of process in New York.

10. AT&T Inc. does not pay income, property, franchise, severance, sales or use taxes to the State of New York.

11. AT&T Inc. does not manufacture any product of any kind or provide any service of any nature that could find its way through the stream of commerce into New York. AT&T Inc. has not chosen to avail itself of the privilege of doing business in the State of New York.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 6, 2007.

_____
TERRENCE BRITT