Joseph P. Zammit
Edward P. Dolido
**FULBRIGHT & JAWORSKI L.L.P.**
666 Fifth Avenue
New York, New York 10103
Tel:   (212) 318-3000
Fax:   (212) 318-3400
Attorneys for Defendants

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
AEROTEL, LTD., AEROTEL U.S.A., INC. and   :
AEROTEL U.S.A., LLC,
                                          :    ELECTRONICALLY FILED
         Plaintiffs,
                                          :    Civil Action No. 07-CV-3217 (RJH)
         -v-
                                          :    **DECLARATION OF
AT&T INC., AT&T CORP., AT&T MOBILITY           JAMES W. LACY, JR.**
CORPORATION, AT&T MOBILITY LLC, NEW   :
CINGULAR WIRELESS SERVICES, INC.
(formerly AT&T Wireless Services, Inc.),  :
CINGULAR WIRELESS II, LLC (formerly Cingular
Wireless II, Inc.), NEW CINGULAR WIRELESS :
PCS, LLC, BELLSOUTH MOBILITY DCS, INC.,
BELLSOUTH CORPORATION, BELLSOUTH      :
TELECOMMUNICATIONS, INC., and JOHN
DOES 1-10,                                :

         Defendants.                      :
-----------------------------------------------------------------X

JAMES W. LACY, JR. declares and states as follows:

1.   I am over the age of 18, have never been convicted of a felony or a crime involving moral turpitude, and am otherwise legally competent to submit this Declaration. I am employed by BellSouth Corporation as Director – Finance and have served in that position since September 1, 2004. All of the statements in this Declaration are, unless

686863v1

otherwise indicated, based upon my personal knowledge, review of corporate and business records, and interviews with appropriately knowledgeable persons.

2. BellSouth Corporation is a Georgia corporation, with its principal and only place of business located in Atlanta, Georgia. BellSouth Corporation's business is currently overseen by a board of 2 directors and approximately 24 board appointed officers.

3. BellSouth Corporation was incorporated in Georgia on October 13, 1983. BellSouth Corporation is and always has been a holding company. It was created as one of seven regional holding companies that were divested on January 1, 1984, by the American Telephone and Telegraph Company as part of the settlement of *United States v. Western Electric Company, Inc.*, Civil Action No. 82-0192 (D.D.C.). As part of that divestiture, it received equity interests in Southern Bell Telephone & Telegraph Company, South Central Bell Telephone Company and certain other companies.

4. In 2001, BellSouth Corporation and the former SBC Communications Inc. ("SBC") entered into a joint venture creating Cingular Wireless LLC, with BellSouth Corporation owning approximately 40% of the company and SBC owning an approximately 60% interest. SBC subsequently changed its name to AT&T Inc. Effective December 29, 2006, AT&T Inc. acquired BellSouth Corporation.

5. Since its acquisition by AT&T Inc., BellSouth Corporation has continued to exist as a separate corporate entity and to operate as a holding company owning other corporations, including its interest in Cingular Wireless LLC (now known as AT&T Mobility LLC).

6. As a holding company, BellSouth Corporation does not sell any products or services to the public. BellSouth Corporation is a legally and factually separate corporate

entity, distinct from each of its numerous direct and indirect subsidiaries. Each of BellSouth Corporation's subsidiaries maintains its own independent corporate, partnership, or limited liability company status, identity and structure.

7.  BellSouth Corporation does not own or maintain a telecommunications network and it does not provide telecommunications services to the public. BellSouth Corporation does not make or sell products or services of any kind in any state or jurisdiction. Therefore, it does not need, and does not have, "sales representatives" or "distributors" in New York or in any other jurisdiction.

8.  BellSouth Corporation did not transfer any of its operating assets or liabilities to AT&T Inc., either as part of AT&T Inc.'s acquisition of BellSouth Corporation or thereafter. AT&T Inc. is not a successor to BellSouth Corporation or to BellSouth Corporation's businesses or operating assets, and it did not assume the liabilities of BellSouth Corporation.

9.  BellSouth Corporation has its own officers and directors, who are responsible for managing the company. It shares no common directors with AT&T Inc. and has only one common officer.

10. BellSouth Corporation is a separate corporation from its parent, AT&T Inc., and from its various subsidiaries, and maintains the corporate formalities just as it did when it was publicly owned. For example, BellSouth Corporation maintains a corporate minute book, owns or leases the real property at which it conducts its business, maintains its own bank account, is responsible for its own taxes, and maintains its own books and records.

11. BellSouth Corporation continues to be an active, operating company, separate and distinct from AT&T Inc. AT&T Inc. is not the successor to the business or assets of

BellSouth Corporation because BellSouth Corporation still exists, still conducts its business and still owns its assets.

12. BellSouth Corporation does not have any presence in New York State. BellSouth Corporation does not have an office or mailing address in New York, does not have a telephone number in New York, does not own, lease, manage, or maintain any real property in New York, does not have employees in New York, does not maintain books or records in New York, and does not provide telecommunications, Internet, or other services to consumers in New York.

13. BellSouth Corporation has never been registered, licensed or otherwise qualified to do business in the State of New York and, therefore, BellSouth Corporation has not appointed a registered agent for service of process in New York.

14. BellSouth Corporation does not pay income, property, franchise, sales or use taxes to the State of New York.

15. BellSouth Corporation does not manufacture any product of any kind or provide any service of any nature that could find its way through the stream of commerce into New York. BellSouth Corporation has not chosen to avail itself of the privilege of doing business in the State of New York.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 7, 2007.

_____
JAMES W. LACY, JR.