Zammit Declaration Exhibit B

**07 CV 3217**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEROTEL, LTD., AEROTEL U.S.A., INC. and AEROTEL U.S.A., LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T INC., AT&T CORP., AT&T MOBILITY CORPORATION, AT&T MOBILITY LLC, NEW CINGULAR WIRELESS SERVICES, INC. (formerly AT&T Wireless Services, Inc.), CINGULAR WIRELESS II, LLC (formerly Cingular Wireless II, Inc.), NEW CINGULAR WIRELESS PCS, LLC, BELLSOUTH MOBILITY DCS, INC., BELLSOUTH CORPORATION, BELLSOUTH TELECOMMUNICATIONS, INC., and JOHN DOES 1-10,<br><br>Defendants. | "ECF CASE"<br><br>Civil Action No.<br><br>**COMPLAINT**<br><br>(*Demand for Jury Trial*)<br><br> |

### COMPLAINT

### (Infringement of U.S. Patent No. 4,706,275)

Plaintiffs Aerotel, Ltd., Aerotel U.S.A., Inc., and Aerotel U.S.A., LLC ("Aerotel"), by and through their attorneys Ropes & Gray LLP and Ostrager Chong Flaherty & Broitman P.C., complaining of defendants, aver upon information and belief, except as to paragraphs 1, 2 and 7 through 10, as follows:

### Introduction

1. Aerotel, Ltd. is the sole owner of all rights conferred by the '275 Patent and all foreign patents corresponding thereto (the "Subject Patent Rights"). The '275 Patent, entitled "Telephone System," issued on November 10, 1987 to Zvi Kamil and is directed to methods and

systems for making prepaid telephone calls. The United States Patent and Trademark Office issued two Reexamination Certificates for the '275 Patent, each with no amendments to the claims, on April 8, 2003 and June 28, 2006. Copies of the '275 Patent and the foregoing Reexamination Certificates are respectively attached as Exhibits A-C.

2. The '275 Patent expired on November 13, 2005.

3. Aerotel asserts claims against AT&T Corp. ("ATTC"), AT&T, Inc. ("AT&T") and other third parties (identified below) for infringement of the '275 Patent arising from their marketing, within this Judicial District and elsewhere, of products and services related to prepaid telephone calling cards which are covered by one or more claims of the '275 Patent.

**Jurisdiction and Venue**

4. This is an action for patent infringement arising under the laws of the United States, Title 35, United States Code.

5. This Court has jurisdiction over the subject matter of Aerotel's claims for patent infringement pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

6. Venue as to Aerotel's claims for patent infringement is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b).

**The Parties**

7. Aerotel, Ltd. is a corporation organized and existing under the laws of Israel, having its principal place of business at 19 Hamashbir Street, Holon 58856, Israel.

8. Aerotel U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 608 Fifth Avenue, Suite 300, New York, New York 10020.

9. Aerotel U.S.A., LLC is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6 Coachmans Court, Old Westbury, New York 11568.

10. All three Aerotel parties are commonly owned. Aerotel U.S.A., Inc. and Aerotel U.S.A., LLC are the exclusive managing agents of Aerotel, Ltd., responsible for licensing and enforcing Aerotel, Ltd.'s U.S. Patent No. 4,706,275 ("the '275 Patent").

11. AT&T Inc. ("AT&T"), formerly SBC Communications Inc. ("SBC"), is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 175 E. Houston, San Antonio, Texas 78205-2233. On November 18, 2005, SBC entered into a merger agreement for acquisition of AT&T Corp. (the "Merger Agreement") in exchange for SBC common stock. Pursuant to the Merger Agreement, a wholly owned subsidiary of SBC, was merged with and into AT&T Corp. Thereafter, SBC changed its name to AT&T Inc. Under the terms of the Merger Agreement each outstanding share of AT&T Corp. common stock was exchanged for 0.77942 shares of SBC common stock. AT&T through and with its representatives, subsidiaries, affiliates, and distributors has been and is now a provider of wholesale and retail telecommunications services and equipment, including prepaid wireless telecommunications products and services. AT&T has been and is now doing business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

12. ATTC is a corporation organized and existing under the laws of the State of New York having its principal place of business at One AT&T Way, Bedminster, New Jersey 07921. As restructured pursuant to the Merger Agreement, ATTC operates as a wholly owned subsidiary of

AT&T. ATTC through and with its representatives, subsidiaries, affiliates, and distributors, has been and is now a provider of wholesale and retail telecommunications services and equipment, including prepaid wireless telecommunications products and services. ATTC has been and is now doing business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

13.     AT&T Mobility Corporation ("AT&T Mobility Corp."), formerly Cingular Wireless Corporation, is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 5565 Glenridge Connector, Suite 1800, Atlanta, Georgia 30342. AT&T Mobility Corp. is a wholly owned subsidiary of AT&T.    The principal business of AT&T Mobility Corp. is to manage, control and direct the business of AT&T Mobility LLC. AT&T Mobility Corp., through and with its representatives, subsidiaries, affiliates, and distributors, has been and is now a provider of wholesale and retail telecommunications services and equipment, including prepaid wireless telecommunications products and services. AT&T Mobility Corp. has been and is now doing business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

14.     AT&T Mobility LLC ("AT&T Mobility"), formerly Cingular Wireless LLC, is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 5565 Glenridge Connector, Suite 1800, Atlanta, Georgia 30342. AT&T Mobility is registered and authorized to do business in the State of New York. AT&T Mobility, through and with its representatives, subsidiaries, affiliates, and distributors, including but not limited to New Cingular Wireless Services, Inc. and Cingular Wireless II, LLC., has been and is now a provider of wholesale and retail telecommunications services and equipment, including

4

prepaid wireless telecommunications products and services. AT&T Mobility has been and is now doing business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors. AT&T Mobility is a wholly owned subsidiary of AT&T.

15. In or about October 2004, AT&T Mobility acquired AT&T Wireless Services, Inc., Redmond, Washington. The acquisition was structured as a merger of a wholly owned subsidiary of AT&T Mobility Corp. with and into AT&T Wireless Services, Inc. to form an entity that was renamed New Cingular Wireless Services, Inc. ("New Cingular"). Subsequently, AT&T Mobility Corp. transferred its interests in New Cingular to AT&T Mobility, and New Cingular became a direct, wholly owned subsidiary of AT&T Mobility.

16. New Cingular is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 5565 Glenridge Connector, Suite 1800, Atlanta, Georgia 30342. New Cingular is controlled by AT&T Mobility, and is registered and authorized to do business in the State of New York. New Cingular, through and with its representatives, subsidiaries, affiliates, and distributors, has been and is now a provider of wholesale and retail telecommunications services and equipment, including prepaid wireless telecommunications products and services. New Cingular has been and is now doing business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

17. Cingular Wireless II, LLC ("Cingular-II") is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 5565 Glenridge Connector, Suite 1800, Atlanta, Georgia 30342. Cingular-II is jointly owned and controlled by AT&T Mobility and New Cingular. Cingular-II, through and with its representatives, subsidiaries, affiliates, and distributors, has been and is now a provider of wholesale and retail

telecommunications services and equipment, including prepaid wireless telecommunications products and services. Cingular-II has been and is now doing business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

18. New Cingular Wireless PCS, LLC ("New Cingular-PCS"), formerly BellSouth Mobility, LLC, is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 5565 Glenridge Connector, Suite 1800, Atlanta, Georgia 30342. New Cingular-PCS is wholly owned subsidiary of and controlled by AT&T Mobility, and is registered and authorized to do business in the State of New York. New Cingular-PCS, through and with its representatives, subsidiaries, affiliates, and distributors, has been and is now a provider of wholesale and retail telecommunications services and equipment, including prepaid wireless telecommunications products and services. New Cingular-PCS has been and is now doing business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

19. BellSouth Mobility DCS, Inc. ("BellSouth Mobility DCS") is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 5565 Glenridge Connector, Suite 1800, Atlanta, Georgia 30342. BellSouth Mobility DCS is a wholly owned subsidiary of and controlled by AT&T Mobility. BellSouth Mobility DCS through and with its representatives, subsidiaries, affiliates, and distributors, has been and is now a provider of wholesale and retail telecommunications services and equipment, including prepaid wireless telecommunications products and services. BellSouth Mobility DCS has been and is now doing business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

20. AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, and BellSouth Mobility DCS conduct business under the brand designations "AT&T Mobility" and "Cingular Wireless".

21. BellSouth Corporation ("BellSouth") is a corporation organized and existing under the laws of the State of Georgia having its principal place of business at 1155 Peachtree Street, N.E., Atlanta, Georgia 30309. On March 4, 2006, AT&T entered into a merger agreement for acquisition of BellSouth (the "BellSouth Merger Agreement") in exchange for AT&T common stock. Pursuant to the BellSouth Merger Agreement, a wholly owned subsidiary of AT&T was merged with and into BellSouth. Under the terms of the BellSouth Merger Agreement, each outstanding share of BellSouth common stock was exchanged for 1.325 shares of AT&T common stock. On December 29, 2006 upon the closing of the merger, BellSouth became a wholly owned subsidiary of AT&T.

22. BellSouth, through and with its representatives, subsidiaries, affiliates, and distributors, has been and is now a provider of wholesale and retail telecommunications services and equipment, including prepaid landline and wireless telecommunications products and services. BellSouth has been and is now doing business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

23. BellSouth Telecommunications, Inc. ("BellSouth Telecommunications") is a corporation organized and existing under the laws of the State of Georgia having its principal place of business at 675 West Peachtree Street, N.E., Suite 4500, Atlanta, Georgia 30308. BellSouth Telecommunications is a wholly owned subsidiary of BellSouth.

24. BellSouth Telecommunications, through and with its representatives, subsidiaries, affiliates, and distributors, has been and is now a provider of wholesale and retail telecommunications services and equipment, including prepaid landline and wireless telecommunications products and services. BellSouth has been and is now doing business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

25. Prior to the BellSouth merger, AT&T owned a 60% interest in Cingular Wireless LLC ("Cingular Wireless")(now AT&T Mobility) and shared control with BellSouth, which owned a 40% interest in Cingular Wireless.  As a result of the BellSouth merger, AT&T became the sole owner of Cingular Wireless, which also put sole control of Cingular Wireless in AT&T.

26. AT&T, through and with its subsidiaries and affiliates, has assumed control, management and ownership of, and become the successor to substantially all of the businesses and assets of ATTC and BellSouth.   As a result, ATTC and BellSouth have each lost their independent operating status and have been absorbed into AT&T.

27. John Does 1 through 10, the identities of which are presently unknown to Aerotel, are subsidiaries and/or affiliates of one or more of the named third-party defendants.  Each of John Does 1 through 10 is registered and authorized to do business in the State of New York, and through and with its representatives, subsidiaries, affiliates, and distributors, has been a provider of wholesale and retail telecommunications services and equipment, including prepaid telecommunications products and services. Each of John Does 1 through 10 has been doing business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

## Aerotel's Claims for Patent Infringement

28.  During the term of the '275 Patent, AT&T infringed the '275 Patent by using, offering to sell, supplying or causing to be supplied in or from the United States, and/or selling, and actively inducing others to use, offer to sell, supply or cause to be supplied in or from the United States, and/or sell, without authority from Aerotel, Ltd. in this Judicial District and elsewhere, prepaid wireline and wireless telecommunication products and services that are covered by one or more claims of the '275 Patent.

29.  AT&T has been aware of the existence of the '275 Patent, but nevertheless has infringed the '275 Patent during the term thereof. AT&T's infringements of the '275 Patent have been willful and deliberate and in total disregard for Aerotel, Ltd.'s lawful rights under the '275 Patent, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

30.  During the term of the '275 Patent, ATTC infringed the '275 Patent by using, offering to sell, supplying or causing to be supplied in or from the United States, and/or selling, and actively inducing others to use, offer to sell, supply or cause to be supplied in or from the United States, and/or sell, without authority from Aerotel, Ltd. in this Judicial District and elsewhere, prepaid wireless telecommunication products and services that are covered by one or more claims of the '275 Patent.

31.  ATTC has been aware of the existence of the '275 Patent, but nevertheless has infringed the '275 Patent during the term thereof. ATTC's infringements of the '275 Patent have been willful and deliberate and in total disregard for Aerotel, Ltd.'s lawful rights under the '275 Patent, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

32. During the term of the '275 Patent, AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, and BellSouth Mobility DCS have each infringed the '275 Patent by using, offering to sell, supplying or causing to be supplied in or from the United States, and/or selling, and actively inducing others to use, offer to sell, supply or cause to be supplied in or from the United States, and/or sell, without authority from Aerotel, Ltd. in this Judicial District and elsewhere, prepaid wireless telecommunication products and services that are covered by one or more claims of the '275 Patent.

33. AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, and BellSouth Mobility DCS have each been aware of the existence of the '275 Patent, but nevertheless have infringed the '275 Patent during the term thereof. AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, and BellSouth Mobility DCS' infringements of the '275 Patent have been willful and deliberate and in total disregard for Aerotel, Ltd.'s lawful rights under the '275 Patent, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

34. During the term of the '275 Patent, BellSouth and BellSouth Telecommunications have each infringed the '275 Patent by using, offering to sell, supplying or causing to be supplied in or from the United States, and/or selling, and actively inducing others to use, offer to sell, supply or cause to be supplied in or from the United States, and/or sell, without authority from Aerotel, Ltd. in this Judicial District and elsewhere, prepaid wireline and wireless telecommunication products and services that are covered by one or more claims of the '275 Patent.

35. BellSouth and BellSouth Telecommunications have each been aware of the existence of the '275 Patent, but nevertheless have infringed the '275 Patent during the term

thereof. BellSouth and BellSouth Telecommunications' infringements of the '275 Patent have been willful and deliberate and in total disregard for Aerotel, Ltd.'s lawful rights under the '275 Patent, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

36.   During the term of the '275 Patent, each of John Does 1 through 10 infringed the '275 Patent by using, offering to sell, supplying or causing to be supplied in or from the United States, and/or selling, and actively inducing others to use, offer to sell, supply or cause to be supplied in or from the United States, and/or sell, without authority from Aerotel, Ltd. in this Judicial District and elsewhere, prepaid wireline and/or wireless telecommunication products and services that are covered by one or more claims of the '275 Patent.

37.   John Does 1 through 10 have each been aware of the existence of the '275 Patent, but nevertheless have infringed the '275 Patent during the term thereof. The infringements of the '275 Patent by John Does 1 through 10 have been willful and deliberate and in total disregard for Aerotel, Ltd.'s lawful rights under the '275 Patent, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

38.   AT&T, ATTC, AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, BellSouth Mobility DCS, BellSouth, BellSouth Telecommunications, and John Does 1 through 10 had actual and/or constructive notice of their infringement of the '275 Patent by reason of Aerotel's compliance with the Patent Notice and Marking Statute, 35 U.S.C. § 287.

WHEREFORE, Aerotel respectfully requests that this Court enter a Judgment:

A.   Adjudging that Aerotel is the lawful owner of the '275 Patent, including all rights to recover for past infringement therefor; that the '275 Patent is not invalid and is enforceable; that

11

AT&T, ATTC, AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, BellSouth Mobility DCS, BellSouth, BellSouth Telecommunications and John Does 1 through 10 have infringed and/or induced infringement of the '275 Patent; and that such infringement and inducement of infringement was willful and deliberate;

      B.      Awarding Aerotel its damages, together with prejudgment interest and costs as provided by 35 U.S.C. § 284;

      C.      Trebling the damages awarded, as provided by 35 U.S.C. § 284;

      D.      Declaring this an exceptional case as provided by 35 U.S.C. § 285;

      E.      Awarding Aerotel its costs and disbursements in this action, including reasonable attorneys' fees; and

      F.      Awarding Aerotel such other and further relief as Aerotel may be entitled to, and as the Court may deem just and proper.

## JURY DEMAND

Aerotel respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure of any and all issues triable of right by a jury in the above-captioned case.

Dated: New York, New York
          April 20, 2007

                                Respectfully submitted,

                                Robert C. Morgan (RM 0245)
                                Jeanne C. Curtis (JC 4673)
                                ROPES & GRAY LLP
                                1211 Avenue of the Americas
                                New York, New York 10036-8704
                                (212) 596-9049

OSTRAGER CHONG FLAHERTY
& BROITMAN P.C.

By: /s/ Glenn Ostrager
Glenn F. Ostrager (GFO-2023)
Dennis M. Flaherty (DMF-5523)
Joshua S. Broitman (JSB-4644)

570 Lexington Avenue
New York, New York 10022-6894
(212) 681-0600

*Attorneys for Aerotel, Ltd., Aerotel U.S.A., Inc.
and Aerotel U.S.A., LLC*

13