# Dolido Declaration Exhibit A

Case 1:07-cv-03217-RJH   Document 26-3   Filed 10/12/2007   Page 1 of 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEROTEL, LTD., AEROTEL U.S.A., INC. and AEROTEL U.S.A., LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T INC. (formerly SBC Communications, Inc.), BELLSOUTH CORPORATION, AT&T CORP., AT&T LONG DISTANCE, LLC (formerly SBC Long Distance, LLC), AT&T MOBILITY CORPORATION (formerly Cingular Wireless Corporation), AT&T MOBILITY LLC (formerly Cingular Wireless LLC), NEW CINGULAR WIRELESS SERVICES, INC. (formerly AT&T Wireless Services, Inc.), CINGULAR WIRELESS II, LLC (formerly Cingular Wireless II, Inc.), NEW CINGULAR WIRELESS PCS, LLC (formerly BellSouth Mobility, LLC), BELLSOUTH MOBILITY DCS, INC., BELLSOUTH TELECOMMUNICATIONS, INC. d/b/a AT&T SOUTHEAST, and BELLSOUTH LONG DISTANCE, INC. d/b/a AT&T LONG DISTANCE SERVICE,<br><br>Defendants. | "ECF CASE"<br><br>Civil Action No. 07-Civ-3217 (RJH)<br><br>**AMENDED COMPLAINT**<br><br>(*Demand for Jury Trial*)<br><br> |

**AMENDED COMPLAINT**

(**Infringement of U.S. Patent No. 4,706,275**)

Plaintiffs Aerotel, Ltd., Aerotel U.S.A., Inc., and Aerotel U.S.A., LLC ("Aerotel"), by and through their attorneys Ropes & Gray LLP and Ostrager Chong Flaherty & Broitman P.C., complaining of defendants, aver upon information and belief, except as to paragraphs 1, 2 and 7 through 10, as follows:

## Introduction

1. Aerotel, Ltd. is the sole owner of all rights conferred by U.S. Patent No. 4,706,275 (the "'275 Patent") and all foreign patents corresponding thereto. The '275 Patent, entitled "Telephone System," issued on November 10, 1987 to Zvi Kamil and is directed to methods and systems for making prepaid telephone calls. The United States Patent and Trademark Office issued two Reexamination Certificates for the '275 Patent, each with no amendments to the claims, on April 8, 2003 and June 28, 2006. Copies of the '275 Patent and the foregoing Reexamination Certificates are respectively attached as Exhibits A-C.

2. The '275 Patent expired on November 13, 2005.

3. Aerotel asserts claims against AT&T Corp. ("ATTC"), AT&T Inc. ("AT&T") and other parties (identified below) for infringement of the '275 Patent arising from their marketing, within this Judicial District and elsewhere, of products and services related to prepaid telephone calling cards which are covered by one or more claims of the '275 Patent. More specifically, the infringing products and services include prepaid wireline telecommunications products (e.g., prepaid calling cards a/k/a prepaid phone cards) and services (e.g., prepaid telephone service provided to users of prepaid calling cards), and prepaid wireless telecommunications products (e.g., prepaid wireless setup and refill cards) and services (e.g., prepaid telephone service using a wireless telephone).

## Jurisdiction and Venue

4. This is an action for patent infringement arising under the laws of the United States, Title 35, United States Code.

5. This Court has jurisdiction over the subject matter of Aerotel's claims for patent infringement pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

6. Venue as to Aerotel's claims for patent infringement is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b).

### The Parties

7. Aerotel, Ltd. is a corporation organized and existing under the laws of Israel, having its principal place of business at 19 Hamashbir Street, Holon 58856, Israel.

8. Aerotel U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 608 Fifth Avenue, Suite 300, New York, New York 10020.

9. Aerotel U.S.A., LLC is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6 Coachmans Court, Old Westbury, New York 11568.

10. All three Aerotel parties are commonly owned. Aerotel U.S.A., Inc. and Aerotel U.S.A., LLC are the exclusive managing agents of Aerotel, Ltd., responsible for licensing and enforcing the '275 Patent.

11. AT&T Inc. ("AT&T"), formerly SBC Communications, Inc. ("SBC"), is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 175 E. Houston, San Antonio, Texas 78205-2233. On November 18, 2005, SBC entered into a merger agreement for acquisition of AT&T Corp. (the "Merger Agreement") in exchange for SBC common stock. Pursuant to the Merger Agreement, a wholly owned subsidiary of SBC was merged with and into AT&T Corp. Thereafter, SBC changed its name to AT&T Inc.

Under the terms of the Merger Agreement each outstanding share of AT&T Corp. common stock was exchanged for 0.77942 shares of SBC common stock. AT&T, through and with its representatives, subsidiaries, affiliates, and distributors, has been a provider of prepaid wireline and wireless telecommunications products and services. AT&T has done business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

12. AT&T Corp. ("ATTC") is a corporation organized and existing under the laws of the State of New York having its principal place of business at One AT&T Way, Bedminster, New Jersey 07921. As restructured pursuant to the Merger Agreement, ATTC operates as a wholly owned subsidiary of AT&T. ATTC, through and with its representatives, subsidiaries, affiliates, and distributors, has been a provider of prepaid wireless telecommunications products and services. ATTC has done business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

13. AT&T Long Distance, LLC ("AT&T Long Distance"), formerly SBC Long Distance, LLC, is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 5850 West Las Positas Boulevard, Pleasanton, California 94588. AT&T Long Distance is a wholly owned subsidiary of AT&T. AT&T Long Distance, through and with its representatives, subsidiaries, affiliates, and distributors, has been a provider of prepaid wireline telecommunications products and services. AT&T Long Distance has done business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

14. AT&T Mobility Corporation ("AT&T Mobility Corp."), formerly Cingular Wireless Corporation, is a corporation organized and existing under the laws of the State of Delaware having

its principal place of business at 5565 Glenridge Connector, Suite 1800, Atlanta, Georgia 30342. AT&T Mobility Corp. is a wholly owned subsidiary of AT&T. The principal business of AT&T Mobility Corp. is to manage, control and direct the business of AT&T Mobility LLC. AT&T Mobility Corp., through and with its representatives, subsidiaries, affiliates, and distributors, has been a provider of prepaid wireless telecommunications products and services. AT&T Mobility Corp. has done business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

15. AT&T Mobility LLC ("AT&T Mobility"), formerly Cingular Wireless LLC, is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 5565 Glenridge Connector, Suite 1800, Atlanta, Georgia 30342. AT&T Mobility is registered and authorized to do business in the State of New York. AT&T Mobility, through and with its representatives, subsidiaries, affiliates, and distributors, including but not limited to New Cingular Wireless Services, Inc. and Cingular Wireless II, LLC, has been a provider of prepaid wireless telecommunications products and services. AT&T Mobility has done business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors. AT&T Mobility is a wholly owned subsidiary of AT&T.

16. In or about October 2004, AT&T Mobility acquired AT&T Wireless Services, Inc., Redmond, Washington. The acquisition was structured as a merger of a wholly owned subsidiary of AT&T Mobility Corp. with and into AT&T Wireless Services, Inc. to form an entity that was renamed New Cingular Wireless Services, Inc. ("New Cingular"). Subsequently, AT&T Mobility Corp. transferred its interests in New Cingular to AT&T Mobility, and New Cingular became a direct, wholly owned subsidiary of AT&T Mobility.

17. New Cingular is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 5565 Glenridge Connector, Suite 1800, Atlanta, Georgia 30342. New Cingular is controlled by AT&T Mobility, and is registered and authorized to do business in the State of New York. New Cingular, through and with its representatives, subsidiaries, affiliates, and distributors, has been a provider of prepaid wireless telecommunications products and services. New Cingular has done business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

18. Cingular Wireless II, LLC ("Cingular-II") is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 5565 Glenridge Connector, Suite 1800, Atlanta, Georgia 30342. Cingular-II is jointly owned and controlled by AT&T Mobility and New Cingular. Cingular-II, through and with its representatives, subsidiaries, affiliates, and distributors, has been a provider of prepaid wireless telecommunications products and services. Cingular-II has done business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

19. New Cingular Wireless PCS, LLC ("New Cingular-PCS"), formerly BellSouth Mobility, LLC, is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 5565 Glenridge Connector, Suite 1800, Atlanta, Georgia 30342. New Cingular-PCS is wholly owned subsidiary of and controlled by AT&T Mobility, and is registered and authorized to do business in the State of New York. New Cingular-PCS, through and with its representatives, subsidiaries, affiliates, and distributors, has been a provider of prepaid wireless telecommunications products and services. New Cingular-PCS has done business in this Judicial District and elsewhere through its sales representatives, subsidiaries,

affiliates, and distributors.

20. BellSouth Mobility DCS, Inc. ("BellSouth Mobility DCS") is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 5565 Glenridge Connector, Suite 1800, Atlanta, Georgia 30342. BellSouth Mobility DCS is a wholly owned subsidiary of and controlled by AT&T Mobility. BellSouth Mobility DCS through and with its representatives, subsidiaries, affiliates, and distributors, has been a provider of prepaid wireless telecommunications products and services. BellSouth Mobility DCS has done business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

21. AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, and BellSouth Mobility DCS have conducted business under the brand designations "AT&T Mobility" and "Cingular Wireless".

22. BellSouth Corporation ("BellSouth") is a corporation organized and existing under the laws of the State of Georgia having its principal place of business at 1155 Peachtree Street, N.E., Atlanta, Georgia 30309. On March 4, 2006, AT&T entered into a merger agreement for the acquisition of BellSouth (the "BellSouth Merger Agreement") in exchange for AT&T common stock. Pursuant to the BellSouth Merger Agreement, a wholly owned subsidiary of AT&T was merged with and into BellSouth. Under the terms of the BellSouth Merger Agreement, each outstanding share of BellSouth common stock was exchanged for 1.325 shares of AT&T common stock. On December 29, 2006 upon the closing of the merger, BellSouth became a wholly owned subsidiary of AT&T.

23. BellSouth, through and with its representatives, subsidiaries, affiliates, and distributors, has been a provider of prepaid wireline and wireless telecommunications products and services. BellSouth has done business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

24. BellSouth Telecommunications, Inc. ("BellSouth Telecommunications") is a corporation organized and existing under the laws of the State of Georgia having its principal place of business at 675 West Peachtree Street, N.E., Suite 4500, Atlanta, Georgia 30308. BellSouth Telecommunications is a wholly owned subsidiary of BellSouth. BellSouth Telecommunications, through and with its representatives, subsidiaries, affiliates, and distributors, has been a provider of prepaid wireline telecommunications products and services. BellSouth has done business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

25. BellSouth Long Distance, Inc. ("BellSouth Long Distance"), d/b/a AT&T Long Distance Service, is a corporation organized and existing under the laws of the State of Georgia having its principal place of business at 400 Perimeter Center, Atlanta, Georgia 30346. BellSouth Long Distance is a wholly owned subsidiary of BellSouth Telecommunications. BellSouth Long Distance, through and with its representatives, subsidiaries, affiliates, and distributors, has been a provider of prepaid wireline telecommunications products and services. BellSouth Long Distance has done business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

## AT&T and BellSouth
## Corporate Management

26.     At all relevant times, SBC assumed ultimate control and management of all of its subsidiaries. In particular, SBC was solely responsible for its acquisition of corporate entities involved in the provision of prepaid wireline telephone service and was further responsible for the manner in which its subsidiaries were organized and operated to provide prepaid wireline telephone service to customers. Aerotel is likely to have additional evidentiary support for the foregoing allegations of SBC's involvement in infringement of the '275 Patent by its subsidiaries after a reasonable opportunity for further investigation or discovery.

27.     At all relevant times, BellSouth assumed ultimate control and management of all of its subsidiaries. In particular, BellSouth was responsible for the manner in which its subsidiaries were organized and operated to provide wireline prepaid telephone service to customers. Aerotel is likely to have additional evidentiary support for the foregoing allegations of BellSouth's involvement in infringement of the '275 Patent by its subsidiaries after a reasonable opportunity for further investigation or discovery.

28.     Prior to the BellSouth merger, AT&T owned a 60% interest in Cingular Wireless LLC ("Cingular Wireless")(now AT&T Mobility) and shared control with BellSouth, which owned a 40% interest in Cingular Wireless. As a result of the BellSouth merger, AT&T became the sole owner of Cingular Wireless, which also put sole control of Cingular Wireless in AT&T.

29.     Cingular Wireless was founded in 2001 as a joint venture of SBC (now AT&T) and BellSouth (which AT&T acquired in 2006), who thereafter managed and controlled Cingular Wireless. Cingular Wireless was a conglomeration of 12 regional companies that, up until the joint

9

venture, had been under the control of SBC and/or BellSouth. This conglomeration facilitated and induced further infringements of the '275 Patent by those regional companies that were already infringing the '275 Patent prior to the joint venture. Aerotel is likely to have additional evidentiary support for the foregoing allegations of SBC's and BellSouth's involvement in infringement of the '275 Patent by Cingular Wireless after a reasonable opportunity for further investigation or discovery.

30. In 2004, Cingular Wireless acquired AT&T Wireless Services, Inc. After the acquisition of AT&T Wireless Services, Inc. (now New Cingular), SBC and BellSouth continued to manage and control Cingular Wireless. Prior to that acquisition, AT&T Wireless Services, Inc. had been providing prepaid wireless telephone products and services to its customers that infringed the '275 Patent. The incorporation of AT&T Wireless Services, Inc. into Cingular Wireless facilitated and induced further infringements of the '275 Patent by Cingular Wireless and New Cingular. Aerotel is likely to have additional evidentiary support for the foregoing allegations of SBC's and BellSouth's involvement in infringement of the '275 Patent by Cingular Wireless and New Cingular after a reasonable opportunity for further investigation or discovery.

31. In or about 2002, SBC moved to a single national brand – SBC – to provide a more unified presence in the marketplace, making it easier for customers to find and do business with SBC companies throughout the United States. The Chairman and CEO of SBC stated that: "Adopting a single, unified SBC brand underscores our transformation from a collection of regional companies with separate identities into a national telecommunications leader with a single identity" (see http://www.sbc.com/press-room/1,5932,31,00.html?query=2370). After SBC changed its name to AT&T, the single national SBC brand was replaced with the single

national AT&T brand.

### Aerotel's Claims for Patent Infringement

32. During the term of the '275 Patent, AT&T and BellSouth have each infringed the '275 Patent under any of 35 U.S.C. §§ 271(a), (b) or (c), either literally or by the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States or supplying or causing to be supplied in or from the United States, or intentionally inducing others to make, use, offer to sell, or sell in the United States or supply or cause to be supplied in or from the United States, without authority from Aerotel, prepaid wireline and wireless telecommunication products and services that are covered by one or more claims of the '275 Patent. The aforementioned infringing acts of AT&T and BellSouth have occurred throughout the United States, including within this Judicial District. Aerotel is likely to have additional evidentiary support for the allegations of infringement set forth in this paragraph after a reasonable opportunity for further investigation or discovery.

33. AT&T and BellSouth have each been aware of the existence of the '275 Patent, but nevertheless have infringed the '275 Patent during the term thereof. AT&T's and BellSouth's infringements of the '275 Patent have been willful and deliberate and in total disregard for Aerotel's, lawful rights under the '275 Patent, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

34. During the term of the '275 Patent, ATTC infringed the '275 Patent under any of 35 U.S.C. §§ 271(a), (b) or (c), either literally or by the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States or supplying or causing to be supplied in or

from the United States, or intentionally inducing others to make, use, offer to sell, or sell in the United States or supply or cause to be supplied in or from the United States, without authority from Aerotel, prepaid wireless telecommunication products and services that are covered by one or more claims of the '275 Patent. The aforementioned infringing acts of ATTC have occurred throughout the United States, including within this Judicial District. Aerotel is likely to have additional evidentiary support for the allegations of infringement set forth in this paragraph after a reasonable opportunity for further investigation or discovery.

35. ATTC has been aware of the existence of the '275 Patent, but nevertheless has infringed the '275 Patent during the term thereof. ATTC's infringements of the '275 Patent have been willful and deliberate and in total disregard for Aerotel's lawful rights under the '275 Patent, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

36. During the term of the '275 Patent, AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, and BellSouth Mobility DCS have each infringed the '275 Patent under any of 35 U.S.C. §§ 271(a), (b) or (c), either literally or by the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States or supplying or causing to be supplied in or from the United States, or intentionally inducing others to make, use, offer to sell, or sell in the United States or supply or cause to be supplied in or from the United States, without authority from Aerotel, prepaid wireless telecommunication products and services that are covered by one or more claims of the '275 Patent.

37. The aforementioned infringing acts of AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, and BellSouth Mobility DCS have occurred throughout the United States, including within this Judicial District. At least some of the infringing acts are

based on direct infringements by non-party prepaid service providers, including, but not limited to, Boston Communications Group, Inc. and Ericsson Inc., which provided prepaid services to purchasers of prepaid wireless telecommunication products marketed by one or more of AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, and BellSouth Mobility DCS.  Furthermore, at least some of the infringing acts involved the provision of prepaid wireless telephone service to purchasers of refill cards marketed by one or more of AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, and BellSouth Mobility DCS, such as (and not limited to) those marketed under the brand names Cingular "Keep in Contact Prepaid Wireless," Cingular Wireless Prepaid Service and "AT&T Free-2-Go Wireless$^{SM}$".  Aerotel is likely to have additional evidentiary support for the allegations of infringement set forth in this paragraph after a reasonable opportunity for further investigation or discovery.

38.    AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, and BellSouth Mobility DCS have each been aware of the existence of the '275 Patent, but nevertheless have infringed the '275 Patent during the term thereof.  AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, and BellSouth Mobility DCS' infringements of the '275 Patent have been willful and deliberate and in total disregard for Aerotel's lawful rights under the '275 Patent, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

39.    During the term of the '275 Patent, BellSouth Telecommunications, BellSouth Long Distance and AT&T Long Distance have each infringed the '275 Patent under any of 35 U.S.C. §§ 271(a), (b) or (c), either literally or by the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States or supplying or causing to be supplied in or from the United

13

States, or intentionally inducing others to make, use, offer to sell, or sell in the United States or supply or cause to be supplied in or from the United States, without authority from Aerotel, prepaid wireline telecommunication products and services that are covered by one or more claims of the '275 Patent.

40. The aforementioned infringing acts of BellSouth Telecommunications, BellSouth Long Distance and AT&T Long Distance have occurred throughout the United States, including within this Judicial District. At least some of the infringing acts are based on direct infringements by non-party prepaid service providers, including, but not limited to, U.S. South Communications, Inc., which provided carrier services to purchasers of prepaid calling cards issued by BellSouth Long Distance. Aerotel is likely to have additional evidentiary support for the allegations of infringement set forth in this paragraph after a reasonable opportunity for further investigation or discovery.

41. BellSouth Telecommunications, BellSouth Long Distance and AT&T Long Distance have each been aware of the existence of the '275 Patent, but nevertheless have infringed the '275 Patent during the term thereof. BellSouth Telecommunications, BellSouth Long Distance and AT&T Long Distance's infringements of the '275 Patent have been willful and deliberate and in total disregard for Aerotel's lawful rights under the '275 Patent, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

42. AT&T, BellSouth, ATTC, AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, BellSouth Mobility DCS, BellSouth Telecommunications, BellSouth Long Distance and AT&T Long Distance had actual and/or constructive notice of their

14

infringement of the '275 Patent by reason of Aerotel's compliance with the Patent Notice and Marking Statute, 35 U.S.C. § 287.

WHEREFORE, Aerotel respectfully requests that this Court enter a Judgment:

A. Adjudging that Aerotel is the lawful owner of the '275 Patent, including all rights to recover for past infringement therefor; that the '275 Patent is not invalid and is enforceable; that AT&T, BellSouth, ATTC, AT&T Mobility Corp., AT&T Mobility, New Cingular, Cingular-II, New Cingular-PCS, BellSouth Mobility DCS, BellSouth Telecommunications, BellSouth Long Distance and AT&T Long Distance have each infringed and/or induced infringement of the '275 Patent; and that such infringement and/or inducement of infringement was willful and deliberate;

B. Awarding Aerotel its damages, together with prejudgment interest and costs as provided by 35 U.S.C. § 284;

C. Trebling the damages awarded, as provided by 35 U.S.C. § 284;

D. Declaring this an exceptional case as provided by 35 U.S.C. § 285;

E. Awarding Aerotel its costs and disbursements in this action, including reasonable attorneys' fees; and

F. Awarding Aerotel such other and further relief as Aerotel may be entitled to, and as the Court may deem just and proper.

## JURY DEMAND

Aerotel respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure of any and all issues triable of right by a jury in the above-captioned case.

Dated: New York, New York
September 17, 2007

                                        Respectfully submitted,

                                        Robert C. Morgan (RM 0245)
                                        Jeanne C. Curtis (JC 4673)
                                        ROPES & GRAY LLP
                                        1211 Avenue of the Americas
                                        New York, New York 10036-8704
                                        (212) 596-9049

                                        OSTRAGER CHONG FLAHERTY
                                        & BROITMAN P.C.

                                        By: /s/ Glenn F. Ostrager
                                             Glenn F. Ostrager (GFO-2023)
                                             Dennis M. Flaherty (DMF-5523)
                                             Joshua S. Broitman (JSB-4644)

                                        570 Lexington Avenue
                                        New York, New York 10022-6894
                                        (212) 681-0600

                                        *Attorneys for Aerotel, Ltd., Aerotel U.S.A., Inc.*
                                        *and Aerotel U.S.A., LLC*