# Dolido Declaration Exhibit D

Joseph P. Zammit
Edward P. Dolido
**FULBRIGHT & JAWORSKI L.L.P.**
666 Fifth Avenue
New York, New York  10103
Tel:    (212) 318-3000
Fax:    (212) 318-3400
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
AEROTEL, LTD., AEROTEL U.S.A., INC. and       :
AEROTEL U.S.A., LLC,

          :    FILED ELECTRONICALLY

      Plaintiffs,

          :    Civil Action No. 07-CV-3217 (RJH)

      -v-

          :    **DECLARATION OF**
                **JOSEPH P. ZAMMIT**
AT&T INC., AT&T CORP., AT&T MOBILITY
CORPORATION, AT&T MOBILITY LLC, NEW    :
CINGULAR WIRELESS SERVICES, INC.
(formerly AT&T Wireless Services, Inc.),                  :
CINGULAR WIRELESS II, LLC (formerly Cingular
Wireless II, Inc.), NEW CINGULAR WIRELESS  :
PCS, LLC, BELLSOUTH MOBILITY DCS, INC.,
BELLSOUTH CORPORATION, BELLSOUTH       :
TELECOMMUNICATIONS, INC., and JOHN
DOES 1-10,                                                                  :

      Defendants.                                           :
------------------------------------------------------------X

      JOSEPH P. ZAMMIT declares and states as follows:

      1.    I am a member of Fulbright & Jaworski L.L.P., attorneys for Defendants in the above-captioned action.  I submit this declaration in support of the motion of Defendants AT&T Inc. and BellSouth Corporation to dismiss for lack of personal jurisdiction, the motion of all Defendants to dismiss for failure to state a claim, or in the alternative for a more definite statement, and the motion of all Defendants to dismiss the claims of Aerotel U.S.A., Inc. and

31357482.1

Aerotel U.S.A., LLC for lack of standing. I have personal knowledge of the facts and circumstances set forth herein.

2. This is the second action (third, if one counts an arbitration) in which Plaintiff has insisted on naming AT&T Inc. as a party, despite knowing that AT&T Inc. is a mere corporate holding company that does not do business with the public and is not present in New York. In that prior action relating to a patent license agreement between AT&T Corp. and Aerotel, Ltd. and Aerotel U.S.A., Inc., AT&T Corp. v. Aerotel, Ltd., No. 07-CV-2224 (RJH), AT&T Inc. has moved to dismiss the purported third-party complaint against it for lack of personal jurisdiction.[1] In that action, Aerotel's counsel has admitted that despite the third-party complaint's allegation that AT&T Inc. "is a successor to all of the business and assets of [AT&T Corp.]," that allegation has no foundation inasmuch as it "is unclear as to what extent AT&T [Inc.] has removed or otherwise transferred the assets of [AT&T Corp.]." (Annexed hereto as Exhibit A is a true copy of a letter dated June 22, 2007, sent to the Court in that action in connection with a request for a pre-motion conference, in which Plaintiff's counsel, Glenn Ostrager, made the foregoing statement.) AT&T Inc., now joined by BellSouth Corporation, another holding company not present in New York, similarly moves to dismiss for lack of personal jurisdiction in this action.

3. In addition, all Defendants in this action are moving to dismiss the Complaint or, alternatively, seeking a more definite statement, because the Complaint does not identify the particular products or services that are alleged to be infringing Plaintiffs' patent. The Complaint

---

[1] The arbitration concerns royalties due under a patent license agreement between AT&T Corp., on the one hand, and Aerotel Ltd. and Aerotel U.S.A., Inc., on the other hand. AT&T Inc. is not a party to that license agreement, or to the arbitration clause in that agreement, but Aerotel nevertheless named it as a party in the arbitration. Consequently, AT&T Inc. is seeking to be dismissed from the arbitration because it never agreed to arbitrate. That arbitration is discussed in more detail in my August 10, 2007, declaration filed in AT&T Corp. v. Aerotel Ltd., No. 07-CV-2224 (RJH).

merely alleges that Defendants are "using, offering to sell, supplying or causing to be supplied in or from the United States, and/or selling, and actively inducing others to use, offer to sell, supply or cause to be supplied in or from the United States, and/or sell without authority from Aerotel, Ltd. . . . prepaid wireless and wireless telecommunications products and services that are covered by one or more claims of the '275 Patent." (Complaint ¶¶ 28, 30, 32, 34, 36.) Thus, the Complaint is not clear as to whether any Defendant is alleged to be infringing directly, or whether it is alleged to be inducing or contributing to infringement by some unidentified third-party. Indeed, even if the Complaint were directed to Defendants' own products or services (and not all Defendants even have their own products and services), its specification of "prepaid wireline or wireless telecommunications products or services" is not particularly informative. As counsel for Defendants, I have been endeavoring to ascertain which of Defendants' products and services might arguably meet that description and I have discovered that, even when something that arguably fits that description can be identified, it invariably used different technologies and platforms through the years such that there is no way to know which particular implementation and technologies Plaintiffs might contend to be infringing.

   4.  A true copy of Plaintiffs' Complaint in this action, without its exhibits, is annexed hereto as Exhibit B.

   I declare under penalty of perjury that the foregoing is true and correct. Executed on August 10, 2007.

_____<br>
JOSEPH P. ZAMMIT

31357482.1        3