# Zammit Declaration Exhibit A

**OSTRAGER CHONG FLAHERTY & BROITMAN P.C.**
COUNSELORS AT LAW

570 LEXINGTON AVENUE
NEW YORK, NY 10022-6894
TEL: (212) 681-0600
FAX: (212) 681-0300

GLENN F. OSTRAGER
gostrager@ocfblaw.com

June 22, 2007

**BY HAND**

Honorable Richard J. Holwell
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *AT&T Corp. v. Aerotel, Ltd.*
      07 Civ. 2294 (RJH)

Dear Judge Holwell:

We are co-counsel for Aerotel, Ltd. and Aerotel U.S.A. Inc. ("Aerotel") in the referenced action and write in response to a letter dated June 18, 2007 to the Court from Joseph P. Zammit, counsel for AT&T Corp. ("ATTC") and AT&T Inc. ("AT&T"), requesting a pre-motion conference.

AT&T seeks leave to file a motion to dismiss pursuant to Fed.R.Civ.P. 12 on grounds that it is not a proper party in this action because: (1) it is not a signatory to a Patent License Agreement at issue; and (2) it did not acquire the signatory ATTC until after the Patent License Agreement had expired. AT&T ignores the fact that the obligations of ATTC which form the basis of our claims under the License Agreement continued and are continuing regardless of expiration of the License Agreement. During the relevant time period AT&T has owned and controlled ATTC. Aerotel's third-party complaint asserts that AT&T is a proper party because it controls ATTC, and is a successor to substantially all of the businesses and assets of ATTC. *See* Answer to Amended Complaint, Counterclaim and Third-Party Complaint, ¶¶ 43-45.

The Patent License Agreement was effective on September 25, 1994 and expired on November 13, 2005. However, ATTC's obligations, including its obligations to conduct an audit, pay royalty fees owed, negotiate in good faith and arbitrate disputes, survived the expiration of the agreement. The License Agreement's arbitration provision is the basis for a pending arbitration between Aerotel, ATTC and AT&T. An Amended Statement of Claim was filed on February 15, 2007 that named both ATTC and AT&T as respondents.

Pursuant to a Merger Agreement, on November 18, 2005, SBC Communications, Inc. acquired the common stock of ATTC. Thereafter, SBC Communications, Inc. changed its name to AT&T Inc. ATTC became a wholly owned subsidiary of AT&T and has been under its control during the period of negotiation leading up to the arbitration. The public record is

OSTRAGER CHONG FLAHERTY & BROITMAN P.C.

Honorable Richard J. Holwell                                                                                           Page 2
United States District Judge
June 22, 2007

unclear as to what extent AT&T has removed or otherwise transferred the assets of ATTC. However, it is clear that AT&T has combined and integrated ATTC assets and businesses into AT&T. Further members of ATTC management have joined AT&T's board of directors.

The declaratory judgment action relates to Patent No. 4,706,275 (the "'275 Patent"), which is directed to methods and systems for making prepaid telephone calls. In this action, ATTC seeks a determination of certain claim construction issues which it asserts are not subject to determination in the parties' arbitration. Aerotel denies that there is a justiciable controversy and asserts contingent claims against ATTC and AT&T relating to the patent claim construction issues. Aerotel's claims are contingent because ATTC has not complied with audit provisions of the License Agreement, and does not have the right to challenge Aerotel's Milestone achievement. *See* Answer to Amended Complaint, Counterclaim and Third-Party Complaint, ¶ 72.

In the arbitration, the issue in dispute is whether Aerotel achieved certain third-party licenses under its patent (the "Milestone"), which are pre-conditions to ATTC's obligation to make royalty payments under the License Agreement. Under the License Agreement, ATTC, subject to Aerotel meeting certain Milestone conditions, agreed to pay Aerotel royalties for the sale of Prepaid Cash Cards. The License Agreement includes, as an Addendum, a Milestone Agreement which provides for mediation and, if necessary, arbitration of questions relating to whether Aerotel has satisfied the aforementioned pre-conditions for payment under the License Agreement.

Aerotel asserts that AT&T dominated and controlled ATTC with respect to ATTC's continuing obligations under the Milestone Agreement, which is a basis for piercing the corporate veil between AT&T and ATTC for purposes of this action. In particular, under the License Agreement, the parties agreed to first mediate and, if necessary, arbitrate Aerotel's performance in its licensing and patent enforcement program, including third-party litigations relating to the '275 Patent. For at least a year subsequent to AT&T's acquisition of ATTC, the parties were engaged in negotiations concerning Milestone issues pursuant to a contractual obligation in the License Agreement "to use their best efforts to negotiate and attempt, in good faith, to resolve amicably" their dispute before proceeding to arbitration.

Pursuant to Fed.R.Civ.P 12(b)(6), a motion to dismiss should be granted "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478,483 (3d Cir. 1998). Aerotel asserts that AT&T has controlled and continues to control ATTC with respect to its performance of its obligations under the License Agreement including, *inter alia,* contractual obligations to conduct an audit of Aerotel's licenses, make royalty payments, and to mediate and arbitrate the Milestone dispute. *See* Answer to Amended Complaint, Counterclaim and Third-Party Complaint, ¶¶ 43-45, and 67-73.

OSTRAGER CHONG FLAHERTY & BROITMAN P.C.

Honorable Richard J. Holwell  
United States District Judge  
June 22, 2007

Page 3

    Furthermore, to the extent that facts are in dispute, Aerotel requests the opportunity to take discovery before AT&T is given leave to file its motion. Whether AT&T dominated ATTC with respect to ATTC's obligations under the License Agreement is a fact-specific inquiry that should not be determined without discovery. In *Aerotel, Ltd. et al. v. Sprint Corporation et al.*, 100 F. Supp. 2d 189, 194 (S.D.N.Y. 2000) (a case also involving the '275 Patent), Judge Scheindlin denied Sprint Corporation's motion to dismiss for lack of personal jurisdiction so that Aerotel could take jurisdictional discovery "directed to ascertaining the precise level of interrelatedness between Sprint Corporation and Sprint Spectrum/Sprint Communications." *See also*, e.g., Fed.R.Civ.P. 56(f), which allows a court to grant a party opposing a motion additional time for discovery where "that party cannot for reasons stated present by affidavit facts essential to justify the party's opposition."

    AT&T's merger with ATTC and subsequent integration of ATTC's businesses and assets into the new AT&T presents substantial questions as to whether AT&T controlled ATTC with respect to its obligations under the License Agreement.

    Lastly, Mr. Zammit asserts that Aerotel's counsel was advised at the time of filing of the related arbitration proceeding that AT&T was not a proper party because ATTC had survived as a viable entity following its acquisition by SBC Communications. At that time, we requested that AT&T provide information concerning its acquisition of ATTC so that Aerotel could evaluate these assertions. Counsel for AT&T declined our request for this information.

                                      Respectfully,

                                      Glenn F. Ostrager

cc: Joseph P. Zammit, Esq.  
    Robert C. Morgan, Esq.  
      - *via e-mail*